AO 243 (Rev 01/15)                                                                                                          Page 2

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | Middle | District | For Florida (Tampa Division) |
|---|---|---|---|
| Name (under which you were convicted): Christopher Streeter | | | Docket or Case No.: 8-20-CR-304-T-33CPT |
| Place of Confinement: Federal Correctional Complex Coleman Medium | | | Prisoner No.: 12618-509 |
| UNITED STATES OF AMERICA | | | Movant (include name under which convicted) |
| v. Christopher Streeter | | | |

MOTION         8:21-CV-2977-VMC-CPT

1. (a) Name and location of court which entered the judgment of conviction you are challenging:
   U.S. District Court for the Middle District of Florida (Tampa Division)

   (b) Criminal docket or case number (if you know): 8-20-CR-304-T-33 CPT

2. (a) Date of the judgment of conviction (if you know): _____
   (b) Date of sentencing: 1/7/2021

3. Length of sentence: Life

4. Nature of crime (all counts):
   Pornography

5. (a) What was your plea? (Check one)
   (1) Not guilty ☐     (2) Guilty ☒     (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)   Jury ☐   Judge only ☒
7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☐   No ☒
8. Did you appeal from the judgment of conviction?   Yes ☐   No ☒



9. If you did appeal, answer the following: N/A
   (a) Name of court: N/A
   (b) Docket or case number (if you know): N/A
   (c) Result: N/A
   (d) Date of result (if you know): N/A
   (e) Citation to the case (if you know): N/A
   (f) Grounds raised: N/A

   N/A

   (g) Did you file a petition for certiorari in the United States Supreme Court?     Yes ☐     No ☒
   If "Yes," answer the following: N/A
   (1) Docket or case number (if you know): N/A
   (2) Result: N/A
   (3) Date of result (if you know): N/A
   (4) Citation to the case (if you know): N/A
   (5) Grounds raised: N/A

   N/A

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☐     No ☒

11. If your answer to Question 10 was "Yes," give the following information: N/A
    (a) (1) Name of court: N/A
        (2) Docket or case number (if you know): N/A
        (3) Date of filing (if you know): N/A
        (4) Nature of the proceeding: N/A
        (5) Grounds raised: N/A
        N/A

N/A

   (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
       Yes ☐  No ☒
   (7) Result: N/A
   (8) Date of result (if you know): N/A

(b) If you filed any second motion, petition, or application, give the same information: N/A
   (1) Name of court: N/A
   (2) Docket of case number (if you know): N/A
   (3) Date of filing (if you know): N/A
   (4) Nature of the proceeding: N/A
   (5) Grounds raised: N/A

N/A

   (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
       Yes ☐  No ☒
   (7) Result: N/A
   (8) Date of result (if you know): N/A

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?
   (1) First petition:    Yes ☐  No ☒
   (2) Second petition:  Yes ☐  No ☒

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

Counsel was ineffective for not doing so.

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

AO 243 (Rev. 01/15)                                                                                                                Page 5

**GROUND ONE:** Counsel was ineffective for not pursuing a direct appeal upon Petitioner's request of counsel to do so.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel failed to file a Notice of Appeal upon the Petitioner's request of counsel to do so on the day that the Petitioner was sentenced to life imprisonment. The Petitioner informed Counsel on the day of sentencing that he wanted to file a Direct Appeal because the Petitioner felt that he had been denied his Constitutional rights, and that he was denied all of his discovery in his case. Counsel worked with the government to secure a conviction against him. Counsel told the Petitioner that he had no rights because he had waived them away and refused to appeal upon the Petitioner's request to do so, thereby denying the Petitioner his request to Counsel to appeal and file a Notice of Appeal. Garza v. Idaho, 139 S. Ct. 738 (2019); Hill v. Lockhart, 474 U.S. 52 (1985); Gomez-Diaz v. United States, 438 F.3d 798 (11th Cir. 2005); Padilla v. Kentucky, 130 S. Ct. 1473 (2010); Class v. United States, 138 S. Ct. 798 (2019); Lee v. United States, 137 S. Ct. 1958 (2017). But for Counsel's ineffectiveness and his prejudice in not filing a notice and direct appeal upon the Petitioner's request to do so, (See Attached).

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
    Yes ☐    No ☒

(2) If you did not raise this issue in your direct appeal, explain why: N/A

N/A

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
    Yes ☐    No ☒

(2) If you answer to Question (c)(1) is "Yes," state: N/A

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed: N/A

N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

N/A

(3) Did you receive a hearing on your motion, petition, or application?
    Yes ☐    No ☒

(4) Did you appeal from the denial of your motion, petition, or application?
    Yes ☐    No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
    Yes ☐    No ☒

AO 243 (Rev. 01/15)                                                                                              Page 6

    (6) If your answer to Question (c)(4) is "Yes," state: N/A
    Name and location of the court where the appeal was filed: N/A
    N/A
    Docket or case number (if you know): N/A
    Date of the court's decision: N/A
    Result (attach a copy of the court's opinion or order, if available): N/A

    N/A

    (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: N/A

    N/A

**GROUND TWO:** Counsel was ineffective because he knew he could not represent the Petitioner adequately and sufficiently because he was not licensed in the Central District of Florida.

    (a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel never informed the Petitioner that he was not admitted to the Florida Bar for the Central District of Florida, and therefore, could not file the necessary legal paperwork and legal motions required to represent the Petitioner in the Central District of Florida, nor could he attend any hearings, thereby being ineffective. Even the U.S. District Court Judge discovered Counsel's deception in not being able to represent the Petitioner.

  (b) **Direct Appeal of Ground Two:**
    (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes ☐    No ☒

    (2) If you did not raise this issue in your direct appeal, explain why:

    N/A

  (c) **Post-Conviction Proceedings:**
    (1) Did you raise this issue in any post-conviction motion, petition, or application?
        Yes ☐    No ☒

(2) If you answer to Question (c)(1) is "Yes," state: N/A

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed: N/A

N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

N/A

(3) Did you receive a hearing on your motion, petition, or application?
   Yes ☐   No ☒

(4) Did you appeal from the denial of your motion, petition, or application?
   Yes ☐   No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
   Yes ☐   No ☒

(6) If your answer to Question (c)(4) is "Yes," state: N/A

Name and location of the court where the appeal was filed: N/A

N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: N/A

N/A

**GROUND THREE:** Counsel was ineffective for using a retired DEA Agent and Petitioner's contacts to solicit unsanctioned information from the Petitioner's sources in the Philippines for the government.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel Walter Reynoso was ineffective for using a retired DEA Agent named Frank Cosicsco to contact others for the government using the Petitioner's contacts in the Philippines to obtain informational people seeking or buying videos from the Philippines and forwarding this information to the government. Counsel spent three months

AO 243 (Rev. 01/15)                                                                                                           Page 8

working on this unsanctioned plan, wasting valuable time and $27,000 of the Petitioner's resources, only to scrap the plan with nothing to show nor any results.

**(b) Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why: N/A

N/A

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐   No ☒

(2) If you answer to Question (c)(1) is "Yes," state: N/A

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed: N/A

N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

N/A

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐   No ☒

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐   No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐   No ☒

(6) If your answer to Question (c)(4) is "Yes," state: N/A

Name and location of the court where the appeal was filed: N/A

N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: N/A

N/A

**GROUND FOUR:** Counsel was ineffective for not requesting the requested videos in the Petitioner's discovery from the government.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel was ineffective for informing the Petitioner that he will acquire through discovery, videos that were of concern to the government in which Counsel stated to the Petitioner that the videos requested by the Petitioner did not match the government's description of what was contained in the videos. Counsel never requested the videos and the government never turned them over as part of the discovery upon the Petitioner's request of Counsel to do so in the Petitioner's discovery request to counsel. Those videos remain to this day never compared to the government's description and never evaluated based on Counsel's ineffectiveness and below the standards of representation. *

*GROUNDS FIVE THROUGH NINE: See attached.

(b) Direct Appeal of Ground Four:

(1) If you appealed from the judgment of conviction, did you raise this issue?
    Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why: N/A

N/A

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?
    Yes ☐   No ☒

(2) If you answer to Question (c)(1) is "Yes," state: N/A
Type of motion or petition: N/A
Name and location of the court where the motion or petition was filed: N/A
N/A
Docket or case number (if you know): N/A
Date of the court's decision: N/A
Result (attach a copy of the court's opinion or order, if available): N/A

N/A

      (3) Did you receive a hearing on your motion, petition, or application?
          Yes ☐    No ☒

      (4) Did you appeal from the denial of your motion, petition, or application?
          Yes ☐    No ☒

      (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
          Yes ☐    No ☒

      (6) If your answer to Question (c)(4) is "Yes," state: N/A

Name and location of the court where the appeal was filed: N/A

N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

N/A

      (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: N/A

N/A

13. Is there any ground in this motion that you have **not** previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: N/A

N/A

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the you are challenging?    Yes ☐    No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. N/A

N/A

AO 243 (Rev. 01/15)                                                                                                                          Page 11

15. Give the name and address, if known, of each attorney who represented you in the following stages of the you are challenging:

   (a) At the preliminary hearing:

   N/A

   (b) At the arraignment and plea:

   ATTORNEY MARK RANKIN. TAMPA, FLORIDA

   (c) At the trial:

   N/A

   (d) At sentencing:

   ATTORNEY MARK RANKIN, TAMPA. FLORIDA

   (e) On appeal:

   N/A

   (f) In any post-conviction proceeding:

   Pro-se

   (g) On appeal from any ruling against you in a post-conviction proceeding:

   Pro-se

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?    Yes ☐    No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ☐    No ☒

   (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

   N/A

   (b) Give the date the other sentence was imposed: N/A
   (c) Give the length of the other sentence: N/A
   (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes ☐    No ☒

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

N/A

N/A
_____

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AO 243 (Rev. 01/15) Page 13

Therefore, movant asks that the Court grant the following relief:

Remand back to the District Court and all my Appeal Rights back,
or any other relief to which movant may be entitled. Based on Counsel's ineffectiveness and below the standards of representation.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on December, 16, 2021.
(month, date, year)

Executed (signed) on December 16, 2021 (date)

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

①

## GROUND FIVE

Counsel was ineffective and prejudiced the petitioner knowing in advance that he could not represent the petitioner in any legal proceedings in the Central District of Florida as he was not admitted to the Bar for the Central District. Attorney Walter Reynoso never at any time between his being retained in March of 2020 until his scheme was discovered in December of 2020 by Judge Covington advised the petitioner that he had not filed the required paperwork nor that he never had any intention to file any Notice of Appearance in the petitioner's case. Attorney Reynoso mislead the petitioner into believing he was able to legally represent the petitioner in all legal matters related to his case.

## SUPPORTING FACTS FOR GROUND FIVE

Counsel Reynoso insisted the petitioner in August of 2020 retain attorney Mark Rankin of Tampa, FL, for the purpose of handling any routine legal matters, i.e. meeting with the government and attending any motion hearings. Mark Rankin was retained at the cost of $20,000.00 for his services through sentencing. What the petitioner did not know was that Reynoso had without petitioners knowledge and or consent made attorney Mark Rankin lead counsel on the case, while self appointing himself as a consultant for the sole purpose of being able to continue to invoice the petitioner for legal fees, while the petitioner believed Reynoso was lead counsel. All the while attorney Rankin was fully aware of Reynoso's deception against the petitioner and said nothing.

②

## GROUND SIX

BOTH COUNSELS, REYNOSO AND RANKIN WERE INEFFECTIVE FOR COACHING, ENCOURAGING AND INSISTING THAT THE PETITIONER TO "LOOK AS BAD AS POSSIBLE TO THE GOVERNMENT SO THEY WILL "USE" THE PETITIONER TO WORK FOR THEM.

## SUPPORTING FACTS FOR GROUND SIX.

ATTORNEY WALTER REYNOSO FROM THE ONSET OF THE CASE CONVINCED THE PETITIONER THAT HIS ONLY HOPE TO AVOID LONG INCARCERATION WAS TO LOOK AS BAD AS POSSIBLE TO THE GOVERNMENT IN THE HOPES THEY WOULD USE THE PETITIONER TO ASSIST IN OBTAINING NAMES OF OTHER U.S. CITIZENS SEEKING ILLEGAL VIDEOS FROM HIS CONTACTS IN THE PHILIPPINES. THAT THIS COULD DELAY ANY INCARCERATION BY AS MUCH AS A YEAR AND REDUCE ANY SENTENCE. SUCH ADVICE WAS DETRIMENTAL TO THE PETITIONERS CASE AND WAS RECKLESS DISREGARD IN THE PETITIONERS DEFENSE. ATTORNEY MARK RANKIN WAS AWARE OF THIS PATH THAT REYNOSO HAD PUT THE PETITIONER ON BUT DID NOT INTERVENE.

## GROUND SEVEN

COUNSELS WERE BOTH INEFFECTIVE FOR ALLOWING THE GOVERNMENT TO MISINFORM THE PETITIONER AND COUNSELS THEMSELVES THAT THE GOVERNMENT WOULD NOT SEEK A LIFE SENTENCE IF PETITIONER WOULD PLEAD ON THE CASE. YET AT SENTENCING U.S. ATTORNEY FRANK MURRAY SOUGHT FROM THE JUDGE A LIFE SENTENCE.

③

## SUPPORTING FACTS FOR GROUND SEVEN

BOTH COUNSELS WERE INEFFECTIVE FOR ALLOWING THE GOVERNMENT TO SEEK A LIFE SENTENCE IN THIS CASE WHEN ON THREE SEPERATE INSTANCES U.S. ATTORNEY FRANK MURRY WHILE ON SPEAKER PHONE WITH THE PETITIONER LISTENING, STATED THAT HE WOULD NOT SEEK ANY LIFE SENTENCE ON THIS CASE. BOTH ATTORNEYS REYNOSO AND RANKIN WERE WITNESSES TO THIS STATEMENT BY FRANK MURRY. U.S. ATTORNEY'S STATEMENTS PLAYED A PIVITOL ROLE IN THE PETITIONERS DECISION TO PLEAD OUT RATHER THAN GO TO TRIAL. ONCE THE PLEA WAS SIGNED U.S. ATTORNEY FRANK MURRY CHANGED HIS POSITION AND SOUGHT A LIFE SENTENCE FOR THE PETITIONER.

## GROUND EIGHT

COUNSELS WERE INEFFECTIVE FOR FAILING TO EXAMINE ANY AND ALL EVIDENCE/DISCOVERY IN THE PETITIONERS CASE. THIS FAILURE BECAME A MAJOR ISSUE AT THE PETITIONERS SENTENCING.

## SUPPORTING FACTS FOR GROUND EIGHT

COUNSEL WALTER REYNOSO'S FAILURE TO OBTAIN ALL OF THE DISCOVERY IN THE GOVERNMENTS POSSESSION PRIOR TO THE PLEA AGREEMENT BEING SIGNED BECAME A MAJOR ISSUE JUST TWO DAYS PRIOR THE SENTENCING. VICTIM IMPACT STATEMENTS WERE PRODUCED BY THE GOVERNMENT TWO DAYS PRIOR TO THE PETITIONERS SENTENCING. THE PETITIONER IMMEDIATLY NOTICED HUGE DISCREPENCIES BETWEEN THE GOVERNMENTS DESCRIPTION OF THE VIDEOS, THE PETITIONERS KNOWLEDGE OF THE CONTENTS OF THE VIDEOS AND THE VICTIM IMPACT STATEMENTS.

④

Counsel Rankin asked for a continuance to establish the validity of the statements, but was denied. The petitioner was denied the right to ascertain if there was imposters being utilized to pose as alleged victims for the purpose of fraud from payments to the alleged victims.

The statements contained not a single piece of evidence to validate the claims. There was no date as to when the statements were obtained, no date as to when the victims made the videos, no picture ID was included with the statements, the alleged victims graphic description of the video she allegedly made does not match in any form to the video the government has in its possesion.

To this day the petitioner is the only person who knows the identity of the alleged victims, he is the only one who has ever seen any photo of either girl.

## Ground Nine

Counsel Walter Reynoso was ineffective again and again because of his failure to aquire the petitioners discovery that would have established the true identies of both alleged victims prior to sentencing.

## Supporting Facts for Ground Nine.

But for Counsels ineffectiveness and gross misrepresentation the petitioner would have at the least received a proper defense. Walter Reynoso, by intentionally not complying with the requirement to represent the petitioner


④

Counsel Rankin asked for a continuance to establish the validity of the statements, but was denied. The petitioner was denied the right to ascertain if there was imposters being utilized to pose as alleged victims for the purpose of fraud from payments to the alleged victims.

The statements contained not a single piece of evidence to validate the claims. There was no date as to when the statements were obtained, no date as to when the victims made the videos, no picture ID was included with the statements, the alleged victims graphic description of the video she allegedly made does not match in any form to the video the government has in its possesion.

To this day the petitioner is the only person who knows the identity of the alleged victims, he is the only one who has ever seen any photo of either girl.

## Ground Nine

Counsel Walter Reynoso was ineffective again and again because of his failure to aquire the petitioners discovery that would have established the true identies of both alleged victims prior to sentencing.

## Supporting Facts for Ground Nine.

But for Counsels ineffectiveness and gross misrepresentation the petitioner would have at the least received a proper defense. Walter Reynoso, by intentionally not complying with the requirement to represent the petitioner

⑤

IN THE CENTRAL DISTRICT OF FLORIDA VIOLATED THE PETITIONERS FIFTH AND SIXTH AMENDMENT RIGHT TO DUE PROCESS AND EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE UNITED STATES CONSTITUTION. COUNSEL MARK RANKIN SHOULD NEVER HAVE ACCEPTED THE RESPONSIBILITY TO TAKE OVER AS LEAD COUNSEL BARELY ONE MONTH PRIOR TO THE PETITIONER BEING CHARGED, ESPECIALLY WHEN RANKIN KNEW THAT THE PETITIONER WAS NEVER CONSULTED ON THE CHANGE NOR WAS HE EVER MADE AWARE OF IT, NOR WOULD THE PETITIONER HAVE APPROVED OF IT. THE SUDDEN CHANGE OF A LEAD COUNSEL WAS SEVERLY DETRIMENTAL TO THE PETITIONERS CASE AND DEFENSE AS A VERY EXPERIENCED TRIAL ATTORNEY WAS REPLACED WITH AN ATTORNEY WITH VERY LITTLE TRIAL EXPERIENCE.

THE PETITIONER STATES INEFFECTIVE ASSISTANCE IN ALL NINE (9) OF HIS CLAIMS BASED ON COUNSEL WALTER REYNOSO'S INABILITY TO BE ABLE TO REPRESENT THE PETITIONER DUE TO INTENTIONAL AND DELIBERATE CONCEALMENT OF HIS NOT BEING ADMITTED TO THE CENTRAL FLORIDA BAR, THAT HE NEVER INTENDED TO PUT HIS NAME OR THAT OF HIS LAW FIRM ON THE PETITIONERS CASE, THE PETITIONER WAS TREATED AS A "CASH COW" FOR REYNOSO'S FIRM TO THE AMOUNT OF $85,000.00. THAT REYNOSO WASTED NEARLY 6 MONTHS OF THE PETITIONERS TIME DOING NOTHING TO DEFEND THE PETITIONER THEN AT THE LAST MOMENT INSISTING THE PETITIONER RETAIN COUNSEL RANKIN ALMOST AS AN ACT OF TOTAL SABOTAGE TO THE PETITIONERS CASE.

(6)

COUNSEL REYNOSO WAS INEFFECTIVE IN ALL THE ABOVE STATED CLAIMS AND GROUNDS, 1-9 HAVING DELIBERATELY SET THE PETITIONERS CASE UP FOR FAILURE BY INTENTIONALLY SCHEMING TO EXTRACT LARGE SUMS OF MONEY FOR LEGAL FEES ($85,000.00) FROM THE PETITIONER WHILE NEVER FILING THE REQUIRED DOCUMENTS WITH THE COURT OR THE BAR IN THE CENTRAL DISTRICT TO BE ABLE TO DEFEND THE PETITIONER. COUNSEL WASTED SIX MONTHS AND $27,500.00 IN A SCHEME TO HIRE A RETIRED D.E.A. AGENT TO "MANAGE" THE PETITIONER IN AN UNSANCTIONED PLAN TO "TRAP" OTHER US-NATIONALS TRYING TO PURCHASE ILLEGAL VIDEOS FROM THE PETITIONERS PHILIPPINE CONTACTS. THE PETITIONER HAD TRIED IN VAIN TO OBTAIN THE FULL DISCOVERY FROM THE GOVERNMENT. COUNSEL WAS INEFFECTIVE IN OBTAINING OR EVEN INSPECTING ALL THE DISCOVERY AS HE WAS NOT ENTITLED TO RECEIVE IT AS HE WAS NOT ATTORNEY OF RECORD ON THE CASE. THE PETITIONER WAS UNSUCCESSFUL IN OBTAINING THE INFORMATION FROM THE DISCOVERY PRIOR TO BEING FORCED TO SIGN THE PLEA AGREEMENT. THE INFORMATION SOUGHT WOULD HAVE ANSWERED DISCREPENCIES IN THE GOVERNMENTS DESCRIPTION OF VIDEOS IN THE GOVERNMENTS POSSESION. COUNSEL MARK RANKIN WAS ALSO MADE AWARE OF THE CRITICAL NATURE OF THIS INFORMATION BUT ALSO DID NOTHING TO OBTAIN IT. THE PETITIONER RAN OUT OF TIME TO SEEK IT AS THE GOVERMENT WANTED THE PLEA AGREEMENT SIGNED. COUNSELS WERE INEFFECTIVE FOR FAILING TO ENSURE THE PLEA AGREEMENT CONTAINED NO PROVISIONS TO PERMIT THE WITHDRAWAL OF THE PLEA IF SENTENCING UNDER THE PLEA RESULTED IN AN EXCESSIVE SENTENCE OF LIFE.

Christopher Streeter #12618-509
Federal Correctional Complex Coleman-Medium
P.O. Box 1032
Coleman, FL 33521

LEGAL MAIL

SCREENED BY USMS

Clerk of Court
Sam M. Gibbons United States Courthouse
801 North Florida Avenue, 2nd Floor
Tampa, FL 33602

